FISHER A. KINGSBURY vs. THE CENTRE SCHOOL DISTRICT IN QUINCY.

Under an article in a warrant for an annual town meeting, " to choose all such town officers as the law directs," the town may lawfully pass a vote authorizing the several school districts to choose their prudential committees.

A school district passed the following vote or by-law: " The annual meetings of the district shall be called by the prudential committee, and warned by the clerk, who shall cause a copy of the warrant to be published in " a certain newspaper, printed in the town, " and shall also post a copy of the same in four different public places within the limits of the district; and the prudential committee shall call the annual meeting of the district on the Saturday evening following the annual town meeting in March : " The clerk signed and issued a warrant, not under seal, for an annual district meeting on the Saturday evening designated in the said vote or by-law, " by order of the prudential committee," (which order was oral,) and made thereon the following return : " In pursuance of the above warrant, I have warned the legal voters of the district," (naming it,) " as prescribed by the by-laws, to attend and act upon the business therein named. J. A. G. District Clerk." *Held*, that the warrant for the meeting, and the warning of the meeting, were valid.

A school district, after having chosen one person as prudential committee at its annual meeting, and adjourned, may choose additional members of such committee at the adjourned meeting.

A majority of a prudential committee of a school district may lawfully do official acts, especially after a refusal of the minority to meet with them.

A school district, by vote, instructed its prudential committee " to prosecute for trespasses that have been, or in future may be, committed, by breaking into the school houses of the district," and the committee employed an attorney to commence several actions of trespass, which he commenced and prosecuted accordingly ; and he afterwards sued the district for his fees and disbursements in those actions. *Held*, that the district was bound by the acts of the committee, and that the attorney was entitled to recover, although the said vote of the district was not in pursuance of any article in the warrant for the meeting at which it was passed.

ASSUMPSIT to recover the amount of fees and disbursements claimed by the plaintiff, as an attorney at law, for the prosecution of three actions of trespass, brought in the name of the defendants, for breaking and entering a school house, occupied by the defendants for their primary school, but of which the fee was in the town of Quincy. Trial before *Hubbard*, J. whose report thereof was as follows :

The plaintiff offered evidence tending to show that he had performed the services and made the disbursements for which he claimed to recover, and that he had done.so at the request of Thomas Arey and Charles Hardwick, jr. acting as prudential committee of the defendant district.

It appeared that the third article in the warrant for the annual meeting of the town of Quincy, on the first Monday of March 1843, was " to choose all such town officers for the year ensuing, as the law directs," and that the town, in acting on this article, voted " that the several school districts be authorized to choose their prudential committees, and that they select and contract with the teachers."

It also appeared that at a meeting of the defendant district, held on the 19th of March 1842, it was voted, "that the annual meeting of the district shall be called by the prudential committee, and warned by the clerk, who shall cause a copy of the warrant to be published in the Quincy Patriot, and shall also post four copies of the same in four different public places within the limits of the district ; and that the prudential committee call the annual meeting of the district on the Saturday evening following the annual town meeting in March : " That the clerk of said district, on the 4th of March 1843, issued and signed a warrant, not under seal, " by order of the prudential committee," (which order was oral only,) for a meeting of the district, to be held on Saturday evening, March 11th 1843 ; and that this warrant contained, among other things, an article for the choice of " such district officers as the law requires," and to "transact such other business as may be legal and proper : " That the clerk's return on this warrant was as follows : " Quincy, March 10 1843. In pursuance of the above warrant, I have warned the legal voters of the Centre School District in Quincy, as prescribed by the by-laws, to attend and act upon the business therein named. John A. Greene, District Clerk : " That at the meeting held in pursuance of said warrant, Charles P. Tirrell was chosen prudential committee ; that, at an adjournment of said meeting, Thomas Arey and Charles Hardwick, jr. were chosen " two additional prudential committee ; " and that it was voted, " that the prudential committee be instructed to prosecute for trespasses that have been, or in future may be, committed, by breaking into the school houses of the district."

Evidence was introduced by the plaintiff, tending to show that said Tirrell had notice of several meetings held by Arey and Hardwick, as prudential committee, and that, though he refused to attend, he was informed of the doings at those meetings ; but that he had no notice of the meeting at which said Ayer and Hardwick determined to commence said actions of trespass, and to retain the plaintiff.

The defendants objected, that the aforesaid vote of the town, authorizing the school districts to choose their own prudential committees could not legally be passed, under any article in the warrant for the meeting. The defendants also objected, that at the meeting of the district, on the 19th of March 1842, no provision was made, nor vote passed, directing the number of days the warning of the annual meetings should be given before the time appointed for holding them, or directing in what manner, or at what time, the prudential committee should be chosen ; that two additional members of the prudential committee could not legally be chosen at an adjourned meeting of the district ; that the warrant for said meeting was invalid, because it was not under seal, and because, instead of being signed by the committee themselves, it was signed by the clerk, by their order ; and that the vote of the district, instructing the committee to prosecute trespasses, was not authorized by any article in the warrant.

The judge ruled that said proceedings of the town and district were valid and legal ; that it was immaterial whether the district could maintain said actions of trespass or not ; and that the employment of the plaintiff, by Arey and Hardwick, bound the district. A verdict was taken for the plaintiff, subject to the opinion of the whole court.

*J. J. Clarke & Gourgas*, for the defendants. The district had no prudential committee, legally chosen, by whose acts it could be bound. There was no article in the warrant for the town meeting in March 1843, which authorized the town to vote that the school districts might choose their prudential committees. In *Williams* v. *School District in Lunenburg*, 21 Pick. 75, which will be cited for the plaintiff,

there was an article in the warrant for choosing committees, as well as officers.

The annual meeting of the district, in March 1843, being called by the clerk, by an oral order of the committee, who could not delegate their authority, was not a legal meeting. *Reynolds* v. *Inhabitants of New Salem,* 6 Met. 340. And it does not appear how that meeting was warned. The vote of the district, on the 19th of March 1842, directing the mode of warning future meetings, was insufficient. Rev. Sts. *c.* 23, § 48. No time was prescribed when the warning should be made, nor how long the notices should be posted, and the advertisement inserted in a newspaper, before the meetings.

But the prudential committee, even if legally chosen, and if authorized to act as such, had no authority to commence the actions which were brought by the plaintiff. There was no article, in the warrant for the meeting at which the district voted to instruct the committee to commence those actions, which authorized such a vote. And if the vote was valid, yet it did not authorize the commencement of actions of trespass in behalf of the district. Criminal prosecutions only were meant by the vote.

The two members of the committee, chosen at an adjourned meeting, were not legally chosen. And if they were legally chosen, yet Tirrell was absent when the plaintiff was employed by them ; and for this reason the plaintiff's authority was insufficient. *Damon* v. *Inhabitants of Granby,* 2 Pick. 345. And the district is not liable for the unauthorized and unlawful acts of their agents. *Thayer* v. *City of Boston,* 19 Pick. 516. *Baker* v. *Thayer,* 3 Met. 312. *Keyes* v. *Inhabitants of Westford,* 17 Pick. 273. See also *Wyman* v. *Hallowell & Augusta Bank,* 14 Mass. 58. *Foster* v. *Essex Bank,* 17 Mass. 479. *White* v. *Westport Manufacturing Co.* 1 Pick. 215.

The school house belonged to the town, and the town had possession thereof, concurrently with the defendants ; so that the defendants could not maintain trespass for breaking and

entering it. *Inhabitants of Barnstable* v. *Thacher*, 3 Met. 239. *Allen* v. *Carter*, 8 Pick. 175.

*Kingsbury, pro se.* The article in the warrant for the town meeting of March 1843, was such as authorized the town to give to the school districts authority to choose their prudential committees. Rev. Sts. *c.* 23, § 26. *Blackburn* v. *Inhabitants of Walpole*, 9 Pick. 97. *Williams* v. *School District in Lunenburg*, 21 Pick. 75. Prudential committees are town officers, and also district officers.

The district meeting of March 1843 was also legally called and warned. *Houghton* v. *Davenport*, 23 Pick. 235. *Saxton* v. *Nimms*, 14 Mass. 315. No seal need be affixed to the warrant for a district meeting. *Colman* v. *Anderson*, 10 Mass. 105.

The *St.* of 1839, *c.* 137, authorizes the choice of three persons as prudential committee ; and two of them were legally chosen at the adjourned meeting. *Commonwealth* v. *Hubbard*, 24 Pick. 98. And a majority of the committee can do all acts within the authority of the whole. Rev. Sts. *c.* 2, § 6, art. 3. 2 . Pick. *ubi sup.*

The committee, as such, had authority to institute suits for trespasses on the school houses. Rev. Sts. *c.* 23, § 25. *Damon* v. *Inhabitants of Granby*, 2 Pick. 345. *Howard* v. *Baillie*, 2 H. B. 618. Story on Agency, § 97. Co. Lit. 52 *b.* But they were expressly instructed, by vote of the district, to institute such actions.

The committee were at least officers *de facto ;* and that is sufficient for this case. 21 Pick. *ubi sup.*

The vote of the district expressly authorized the institution of the suits, though not founded on any article in the warrant for the meeting.

DEWEY, J. The objections taken to the maintenance of the present action arise principally from a supposed want of authority in the plaintiff to perform the services for the defendants, for which he now seeks to recover compensation. The court, having considered these objections, are of opinion that they must be overruled.

1st.  The third article in the warrant for the town meeting of March 6th 1843, in these words, " to choose all such officers for the year ensuing as the law directs," was sufficient to authorize the town of Quincy to vote that the school district should choose their prudential committee.  *Williams* v. *School District in Lunenburg*, 21 Pick. 75.

2d.  It is no sufficient objection to the mode of warning district meetings adopted by the vote of the district, March 19th 1842, that it specified no certain number of days which the notice should be published in a certain newspaper named in the vote.  It was competent for the district to prescribe the mode of warning their meetings, (Rev. Sts. *c.* 23, § 48,) and having ordered notice to be given by publication in a certain newspaper, and by posting four copies of the same in four different public places in the district ; a compliance with this is sufficient legal notice, though such rule as to notice would seem less suitable than one requiring the publication to be made some specified number of days before the time appointed for holding the meeting.

3d.  The warning under the hand of the clerk of the district was a good warning, being in pursuance of the vote of the district.  Nor does it invalidate it, that the meeting was called under an oral order of the prudential committee ; that being a sufficient compliance with the vote of the district, that their annual meetings, of which this was one, " shall be called by the prudential committee and warned by the clerk." The district had already voted that the prudential committee call the annual meeting of the district on the Saturday evening following the annual town meeting holden in March. This last vote left little for the prudential committee to do in the matter of fixing the time of the meeting, besides the ministerial act of calling such meeting.  We perceive, therefore, no objection to the legality of the calling or warning of the district meeting of March 11th 1843, and of that holden oy adjournment on March 25th 1843.  At the latter meeting, the prudential committee were instructed " to prosecute for trespasses that have been, or may be, committed, by breaking

into the school houses of the district." This vote would authorize the institution of civil actions, and was not necessarily confined to criminal prosecutions.

4th. The persons acting as prudential committee were legally chosen as such. It was competent for the district, at the adjourned meeting, to add to the number first chosen, and the majority of the members of the committee might, under circumstances like the present, legally act.

The result is, therefore, that the plaintiff was legally retained by the district to institute and conduct the several suits by him commenced, and that he is entitled to recover compensation therefor. The amount having been settled by the verdict of the jury, the plaintiff is entitled to judgment on the verdict.